665 P.2d 582

**STATE of Arizona, Appellee,**

v.

**Edward TARZIAN, Appellant.**

**No. 1 CA–CR 5728.**

Court of Appeals of Arizona, Division 1, Department B.

March 17, 1983.

Rehearing Denied April 28, 1983.

Review Denied June 22, 1983.

Robert K. Corbin, Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Jack Roberts, Asst. Atty. Gen., Phoenix, for appellee.

Nile B. Smith, Phoenix, for appellant.

## OPINION

GRANT, Judge.

After a jury trial, appellant Edward Tarzian (defendant) was convicted of filing

misleading information with the Arizona Corporation Commission in violation of A.R.S. §§ 44–1992 and 44–2036. He was fined $1500.00 and placed on probation for a period of five years. On appeal, he claims that the trial court should have granted his motion for judgment of acquittal because the state failed to present sufficient evidence of criminal intent and because the financial statements filed with the Commission as a matter of law were null and void. We find no error and affirm.

During the early summer of 1976, defendant, a certified public accountant, was retained by Great Investors Life Insurance Company as an independent certified public accountant to audit its financial records and to prepare a certified financial statement to submit to the Securities Division of the Arizona Corporation Commission in support of Great Investors application to renew its registration to sell stock to the general public in Arizona.[1]

Great Investors' registration to sell stock was due to expire on August 15, 1976, and pursuant to A.R.S. § 44–1899, the application for renewal was required to be filed no later than fifteen days prior to expiration. Although Great Investors did not file its application until August 12, 1976, and defendant did not file his first certified financial statement until August 24, 1976, the Corporation Commission followed its standard practice of treating the late application for renewal as a new application.

On September 30, 1976, a second updated financial statement prepared by Tarzian was filed with the Corporation Commission covering the same six month period as the first financial statement. Additionally, on November 19, 1976, a third updated financial statement prepared by Tarzian was submitted covering not only the previous six month period but the intervening three months as well. All of these financial statements were accompanied by an opinion letter signed by Tarzian stating that the financial statements reflected a fair representation of Great Investors financial condition and that his audit had been conducted in compliance with generally accepted auditing standards. Because these three opinion letters were identical and yet there were major discrepancies in certain line items on the accompanying financial reports, an investigation was conducted by the Corporation Commission and the application was denied.

The financial statements listed corporate assets which included notes receivable from sale of Great Investors' corporate stock. The first statement listed notes receivable at $482,078.50 while the second carried a figure of $547,078.50. However, Tarzian had done nothing to confirm whether these notes were collectible and did nothing towards confirming the authenticity of the notes other than concluding that they did not appear to be forgeries. This conclusion was based merely upon the variety of signatures involved. A Corporation Commission investigator, who was also a certified public accountant and later testified at trial as an expert witness, concluded that under these conditions, the notes receivable should not have been included as assets and that this was a material misrepresentation of Great Investors' financial condition. This misrepresentation, along with other discrepancies, led to the charge of filing misleading information with the Arizona Corporation Commission.[2]

---

1. By law, the application was required to be supported by a financial statement prepared in accordance with generally accepted accounting principles and certified by an independent certified public accountant. See A.R.S. §§ 44–1899 and 44–1895.

2. The indictment, as read to the jury, was as follows:

   On or about and between July 29, 1976 and August 15, 1976, the defendant Edward Tarzian . . . . subscribed to or made or caused to

be made an untrue statement of a material fact in an application, registration statement, prospectus, financial statement or document required to be filed with the Securities Division of the Arizona Corporation Commission, or omitted or caused to be omitted from such filed paper, a material fact or statement necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to wit: that the financial statements submitted to the Commission as part of an application for

In his first argument on appeal, defendant claims that he should have been granted a judgment of acquittal because the state failed to present substantial evidence of the requisite criminal intent.

A.R.S. § 44–1992 provides:

It is a fraudulent practice and unlawful:

1. For a person to subscribe to or make or cause to be made an untrue statement of a material fact in an application, registration statement, prospectus, financial statement or document required to be filed under any provision of this chapter or any rule, regulation or order of the commission thereunder.

2. To omit or cause to be omitted from any such application, registration statement, prospectus, financial statement, or other statement or document, a material fact or statement necessary in order to make the statements made therein, in the light of the circumstances under which they were made, not misleading.

Prior to their 1978 amendments, A.R.S. §§ 44–2036 and 44–1995 provided that anyone who willfully violated § 44–1992 was guilty of a felony. In substance, defendant argues that the word "willfully" is not defined in title 44 and that under A.R.S. § 13–202(B) and federal case law interpreting the Securities and Exchange Commission's regulation 10b–5, "willfully" should include a specific intent to deceive.

However, as noted by the state in its answering brief, A.R.S. § 13–202(B), relied upon by defendant, is part of Arizona's new criminal code which became effective in 1978 and does not apply to defendant's acts which were committed in 1976. Rather, the applicable provision is A.R.S. § 1–215(36) which defines "willfully" as follows:

"Willfully," when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate law, or injure another or to acquire any advantage.

The jury was instructed under the language of this statute and was further instructed that mere negligence or error was not sufficient to convict and that good faith was a defense. The instruction also provided a permissible inference of willful conduct if the jury determined that defendant acted with reckless or deliberate disregard for truth or falsity by deliberately closing his eyes to the obvious or to facts that certainly would have been observed or ascertained in the course of his perfection of the accounting work or if he recklessly stated as facts, matters of which he knew he was ignorant. This instruction, which was jointly drafted by the prosecutor and defendant's trial counsel, was a proper statement of the law. *See, United States v. Weiner,* 578 F.2d 757 (9th Cir.1978) *cert. denied* 439 U.S. 981, 99 S.Ct. 568, 58 L.Ed.2d 651 (1978).[3] Addition-

registration of a stock issue for Great Investors Life Insurance Company fairly presented the company's financial position and grossly overstated the assets of the company by including notes receivable for stock as an asset, all in violation of Arizona Revised Statutes §§ 44–1992, 44–2036, 13–137, 13–139, and 13–140.

**3.** In *Weiner,* the court stated:

Defendants also assert that the court erred in instructing the jury on the issue of knowledge. The jury was instructed that proof of negligence was insufficient to support a conviction, and that proof of good faith constituted a complete defense to the charges. The court went on to instruct the jury that, in determining intent, the jury could consider whether defendants acted in "reckless, deliberate indifference to or disregard for truth or

falsity," and could infer from proof of such acts that defendants acted willfully and knowingly.

578 F.2d at 786.

The instruction given in *Weiner* read in pertinent part:

It is not enough, of course, merely to establish that a given defendant acted negligently or through error or mistake. Under our system of laws men are not punished criminally for mere mistakes in judgment, mismanagement, carelessness, negligence, or errors of judgment. They are punished only for intentional wrongdoing. The defendants are not on trial here for errors of judgment or mistakes or mismanagement or negligence, but are on trial for a criminal offense, and an essential element of that offense is an evil or criminal intent, which it is incumbent upon the government to prove to your satisfaction

ally, defendant's argument in reliance on *Ernst and Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976) and other cases construing S.E.C. Rule 10b–5 is analogous to that presented in *State v. Gunnison,* 127 Ariz. 115, 618 P.2d 609 (App. 1979); *State v. Gunnison,* 127 Ariz. 110, 618 P.2d 604 (1980), and was specifically rejected therein. That is, intent to defraud or deceive is not required for a criminal violation. Although the court's holding in *Gunnison* related to A.R.S. § 44–1991(2), it is equally applicable to A.R.S. § 44–1992. Therefore, we find no merit in defendant's position that "willfully" within A.R.S. § 44–2036 was intended to include a specific intent to deceive.

As mentioned above, the opinion letters submitted by defendant stated that the financial statements, including the listed assets, reflected a fair representation of the financial condition of the company and this opinion was based upon his audit which was conducted in compliance with generally accepted auditing standards. The state's expert witness testified that in order for a document to be prepared in compliance with generally accepted accounting principles, the accountant must use generally accepted auditing standards and that defendant's audit of the notes receivable from sales of Great Investors' stock fell far short of such standards by failing to authenticate the notes and to determine to what extent they were collectible. These facts, together with the other misleading statements outlined in the state's brief relating to the value of outstanding corporate stock, the notes receivable and the listed cash supplied substantial evidence to support the jury's verdict that defendant willfully violated A.R.S. § 44–1992.

In defendant's second argument, he claims that because a renewal of registration must be filed within fifteen days of expiration under A.R.S. § 44–1899, Great Investors' application expired and became null and void as a matter of law on August 15, 1976. We agree with the state that there is nothing in the language of A.R.S. § 44–1992 which reflects a legislative intent to limit the proscribed act of filing false or misleading statements to applications which are timely filed. Here, the officers of Great Investors and defendant either proceeded under the assumption that the timeliness of the application for renewal was being waived or consented to the renewal application being treated as an original application. This is evident from their testimony reflecting that they were aware that the registration was to expire on August 15, 1976, and yet financial statements and opinion letters were being submitted in September and November, 1976. As either a renewal application or an original application, the certified financial statements were required to be filed. Thus, there is no merit to defendant's second argument.

For the reasons stated, the judgment and sentence are affirmed.

FROEB, P.J., and GREER, J., concur.

---

and beyond a reasonable doubt before you will be warranted in returning a verdict of guilty.

The defendants argue that they acted in good faith in their activities relating to Equity Funding. Good faith, that is to say, an honest belief in the truth of the statement made, would constitute a complete defense here. *Id.* n. 28. The *Weiner* court further stated:

The court properly instructed the jury on the need to find both deliberate avoidance and an awareness of impropriety. Defendants here, as auditors, had a duty carefully to investigate and review the information presented. Because the instruction stated that good faith constituted a complete defense, it was implicit in the instruction that, coupled with a finding of deliberate avoidance of knowledge, the jury also had to find bad faith.

\* \* \* \* \* \*

In view of the defendants' duty because of their roles as auditors and financial officer of the company, the jury instruction was proper.

*Id.* at 787.